UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON R. SCHAMBER,

                        Plaintiff,

        -vs-                                    **No. 1:12-CV-01061 (MAT)**
                                                **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.

---

## I.   Introduction

Represented by counsel, Jason R. Schamber ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for summary judgment.[1] The parties' motions were referred to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Foschio for a Report and Recommendation, which was completed and filed on June 24, 2015. The case was referred to this Court by order dated August 2, 2016.

## II.   Procedural History

The record reveals that in December 2009, plaintiff (d/o/b February 4, 1985) applied for SSI, alleging disability as of December 2009. Plaintiff previously received benefits as a child for the period between January 1, 1997 and June 2008. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Timothy M. McGuan on July 14, 2011. The ALJ issued an unfavorable decision on August 15, 2011. The Appeals Council denied review of that decision and this timely action followed.

## III. The Report and Recommendation

By R&R dated June 24, 2015, Magistrate Judge Foschio found that plaintiff's intellectual impairment met Listing 12.05(C), and that plaintiff was therefore presumptively disabled under the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). Accordingly, the R&R recommended that the case be remanded solely for te calculation and payment of benefits. Doc. 20. Alternatively, the R&R found that the ALJ's RFC finding was unsupported by substantial evidence, and recommended remand for further consideration.

Listing 12.05(C) requires a claimant to have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" and, as relevant here, "[a] valid verbal, performance, or

full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). The R&R found that plaintiff met Listing 12.05C because he met the threshold requirements of the Listing and had a valid full-scale IQ of 63[2], and a learning disorder, which constituted an additional and significant work-related impairment.

## IV.   The Commissioner's Objections

The Commissioner objected to the R&R, arguing that it erred in finding that (1) plaintiff had deficits in adaptive functioning and (2) plaintiff's learning disability constituted an additional and significant work-related limitation.[3]

### A.   Deficits in Adaptive Functioning

The Commissioner argues that the R&R erred in finding that plaintiff had deficits in adaptive functioning as required by Listing 12.05(C). The R&R found that plaintiff did have such deficits, citing a consulting psychiatric evaluation which questioned plaintiff's ability to perform tasks independently, maintain attention and concentration for a regular schedule, learn new tasks, make appropriate decisions, deal with stress, or "relate

---

[2] This IQ was measured when plaintiff was 17 years old. The record also contains a full-scale IQ score of 61, measured when plaintiff was 16 years old.

[3] The Commissioner also objected to the R&R's alternative finding that the ALJ's RFC determination was unsupported by substantial evidence. Because the Court finds the issue of Listing 12.05(C) to be dispositive and warrants remand for calculation and payment of benefits as recommended by the R&R, the Court will not address the R&R's alternative finding.

effectively in any type of social or vocational situation." R. 170. The R&R also cited evidence indicating that plaintiff was fired from a job with the Town of Tonawanda for continually running into traffic during his collection work after being reminded not to do so; plaintiff was late to his administrative hearing because he got lost; and plaintiff had frequent difficulty following directions. The Court additionally notes that plaintiff completed his high school education in a special education program, performed below grade level in math and reading, and was living with his parents at the time of the hearing.

"Courts have found circumstantial evidence, such as the following, sufficient to infer deficits in adaptive functioning prior to age 22: evidence a claimant attended special education classes; dropped out of school before graduation; or had difficulties in reading, writing, or math." Edwards v. Astrue, 2010 WL 3701776, *3 (N.D.N.Y. Sept. 16, 2010) (citing, *inter alia*, MacMillan v. Astrue, 2009 WL 4807311, *6 (N.D.N.Y. 2009)). There is ample evidence in this record to conclude, as the R&R found, that plaintiff had deficits in adaptive functioning. Therefore, the Commissioner's objection is overruled.

**B.  Additional and Significant Work-Related Limitation**
The Commissioner contends that the R&R erred in finding that plaintiff's learning disorder, which the ALJ found to be severe, was an additional and significant work-related limitation within the meaning of Listing 12.05(C). Regarding the requirement of "a

physical or other mental impairment imposing an additional and significant work-related limitation of function," the regulations have been explicitly revised to clarify that "[f]or paragraph C [of Listing 12.05], [the Commissioner] will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits [the claimant's] physical or mental ability to do basic work activities, *i.e., is a 'severe' impairment(s), as defined in §§ 404.1520(c) and 416.920(c)."* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(A).

ALJ McGuan's finding that plaintiff's learning disorder was a severe impairment, distinct from his "mild mental retardation," see T. 22, amounted to a *per se* finding that plaintiff satisfied the second prong of Listing 12.05(C). See Hill v. Astrue, 2013 WL 5472036, *8 (W.D.N.Y. Sept. 30, 2013) ("[T]he correct standard for determining whether an impairment, in addition to low IQ, imposes a 'significant' work-related limitation under Listing 12.05C is the step two severity test."). Therefore, the Commissioner's objection is overruled.

**V.    Conclusion**

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 16) is denied and plaintiff's motion (Doc. 11) is granted. The Commissioner's objections to the R&R (doc. 24) are overruled. This matter is reversed and remanded

5

solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    August 30, 2016
          Rochester, New York.